UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SOKLYNA CHHAY,** *et al.,* | ) | **CASE NO. 1:15 CV 1081** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WELLS FARGO HOME MORTGAGE** | ) | **AND ORDER** |
| **CORPORATION, N.A.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiffs Soklyna Chhay, Hong Kim Chhay, Borath Hang, and Visith Nhek ("Plaintiffs") filed this action against Wells Fargo Home Mortgage Corporation, N.A. ("Wells Fargo"), and the law firm of Shapiro, Phillips, Van Ess & Barragate, LLP ("the law firm"). In the Complaint (Doc. # 1), Plaintiffs challenge a foreclosure action litigated in state court contending that the assignment of mortgage to Wells Fargo was fraudulent and the foreclosure denied them due process. They seek monetary damages and unspecified sanctions.

Plaintiffs also filed a Motion for Temporary Restraining Order (Doc. # 3). In the Motion, Plaintiffs ask this Court to enjoin the Defendants from executing a writ of possession which they believe was or would be issued in the state court foreclosure action. For the reasons set forth below, the Motion is denied and this action is dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs' Complaint does not contain many facts.  They indicate Wells Fargo filed a foreclosure action against them in the Cuyahoga County Court of Common Pleas on November 3, 2011.  *See Wells Fargo Bank, N.A. v. Chhay*, No. CV-11-768418 (Cuyahoga Cty Ct. Comm. Pl. filed Nov. 3, 2011).[1]  Viewing that docket, it is apparent that the foreclosure case was well-litigated in the state court.  Plaintiffs filed an answer and a counter claim for breach of contract, fraud, conspiracy, unconscionable contract, and extortion.  Wells Fargo filed a Motion to Dismiss the counterclaim for failure to state a claim.  That Motion was granted on February 28, 2012.  Plaintiffs asked the court to dismiss the complaint for lack of personal jurisdiction and breach of duty.  That motion was denied.  They filed a Notice of International Commercial Claim within the Admiralty Ab Initio Administrative Remedy on June 11, 2012.  That Notice was stricken by the court because it lacked a cogent legal argument and did not seek an appropriate action from the court.  They filed a Cease and Desist Request Questioning Jurisdiction.  That was also stricken from the record.  They filed a Notice of Mistake and Reformation of Trust, and a Motion for Leave to Amend their Answer.  Both were denied.  The court, however, denied Wells Fargo's Motion for Summary Judgment stating the bank had not addressed the question of whether it had complied with all conditions precedent.  Wells Fargo requested a voluntary dismissal of the action on December 3, 2012.  That Motion was granted and the action was dismissed without prejudice on December 10, 2012.

Thereafter, Wells Fargo filed a second foreclosure action against the Plaintiffs on March

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

22, 2013 in the Cuyahoga County Court of Common Pleas. *See Wells Fargo Bank, N.A. v. Chhay*, No. CV-13-803563 (Cuyahoga Cty Ct. Comm. Pl. filed Mar. 22, 2013).  In this action, Plaintiffs filed numerous Motions, Notices and Objections, including a Motion in Response to Complaint, an Amended Response to Complaint, a Motion for Declaratory Judgement, a Rebuttal of Affidavit, a Motion to Strike all Pleadings and Submissions, a Motion for Default Judgment, a Notice of Adjudicative Facts, a Motion in Replevin in Detinet, and an Objection to the Judge's Decisions on his other Motions.  Judgment was granted in favor of Wells Fargo on April 1, 2015.  Plaintiffs filed a Motion for Relief from Judgment under Rule 60(B), which was denied.  A sheriff's sale was scheduled for June 1, 2015.  The court docket reflects that the property was sold on that date.  The state court docket also indicates that Plaintiffs removed this action to federal court on May 29, 2015.

Plaintiffs filed this action on May 29, 2015 as a new civil action, not as a removal from state court.  While the Complaint is quite lengthy, it contains no clear indication of the legal claims Plaintiffs intend to assert in this action.  It appears to be a collection of random legal references.  They indicate Kathleen Emerson, who signed an assignment of mortgage, works at an office in Des Moines, Iowa while the notary, Angela Marie Williams, has an office in Minnesota.  They seem to confuse chain of title for the property with the chain of assignment of the mortgage.  Plaintiffs cite to UCC § 3-309 as it was codified by Florida, Alabama, Arkansas, Indiana, Iowa, Kansas, Kentucky, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, Oklahoma, South Caroline, Tennessee, and Texas.  They also cite to the UCC codified in Illinois and California, as well as to Ohio Revised Code § 1303.38 which concerns the enforcement of lost, destroyed or stolen instruments.  They contend Wells Fargo did not comply

with conditions precedent under the National Housing Act, 12 U.S.C. § 1701-1751, denied them due process under 42 U.S.C. § 1983, and violated Fair Debt Collection Practices Act. They seek declaratory judgement, monetary damages, and an order preventing the state court from confirming the sale of the property at sheriff's sale.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual

-4-

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, to the extent Plaintiffs intended to remove the state court case to federal court, they failed to do so. A case may be removed to federal court if the federal court would have had original jurisdiction over the Complaint. 28 U.S.C. § 1441. To properly remove a case, the Defendant in the state court action must file in the federal court a Notice of Removal containing a short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the Defendants in the action. 28 U.S.C. § 1446(a). The Notice of Removal must be filed within thirty (30) days of the receipt of service of the Complaint. 28 U.S.C. § 1446(b). In addition, a civil action which is otherwise removable solely on the grounds of diversity of citizenship cannot be removed more than one year after the action was commenced. 28 U.S.C. § 1446(c)(1).

Plaintiffs did not follow the proper procedure to effectuate a removal and removal would be untimely. They filed a new civil action in federal court instead of a Notice of Removal. Moreover, they did not include any of process, pleadings or orders so the Court is unable to determine a basis for removal. There is no indication that Wells Fargo asserted a federal question in its foreclosure complaint. If removal were based on diversity of citizenship, the case cannot be removed if any of the Defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). In this case, Soklyna Chhay, Hong Kim Chhay, Borath Hang, and Visith Nhek all appear to be citizens of the state in which the action was brought. Finally, this case was filed more than a year after the action was commenced in state court and well more than thirty days after service. This case was not removed from state court and should have no effect on the continued progression of the state court foreclosure action.

Because this is a new civil case, not a removal of the state court case to federal court, this Court has no subject matter jurisdiction to enjoin or otherwise get involved with the state court proceedings. Plaintiffs ask this Court to enjoin the issuance of a writ of possession by the Common Pleas Court. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987). Based on these principles, abstention

is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. Although it is in its final stages of litigation, the state foreclosure action is still active in the state court. In fact, the court just issued an Order on June 16, 2015 concerning the procedure for claiming reimbursement for advancements from a successful sheriff's sale. Foreclosures are of paramount state interest, satisfying the second element of *Younger*. *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). The third requirement of *Younger* is that Plaintiffs must have an opportunity to assert their federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims, not whether Plaintiffs actually raised the claims or were successful in obtaining relief on those claims. *See Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiffs to demonstrate that their federal claims could not have been asserted in the state court proceedings. *Pennzoil Co.*, 481 U.S. at 14. Here, Plaintiffs have presented some of their federal claims in the state court proceedings and were unable to convince the state court of the merits of those claims. Other claims appear to be new theories upon which the assignment of mortgage and Wells Fargo's standing to bring a foreclosure

-7-

action can be attacked. Plaintiffs had the opportunity to raise their federal claims in the state court proceedings. Indeed, they filed numerous Motions, Objections and Notices asserting federal and state claims. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending state court foreclosure action against the Plaintiffs. This includes enjoining the issuance or execution of a writ of possession that may be issued upon the state court's confirmation of a successful sheriff's sale.

In addition, Plaintiffs cannot file a new case in federal court to litigate claims which were already addressed in the foreclosure case or which could have been raised and addressed in the foreclosure case. Federal Courts must give the same preclusive effect to a state-court judgment as that the state court would give that judgment. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Therefore, to determine the preclusive effect that the judgment in the foreclosure case would have on the present federal action, the Court must apply the law of preclusion in Ohio. *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue

-8-

preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In the instant action, both issue and claim preclusion apply. Wells Fargo and the Plaintiffs were parties to the state court proceedings. The law firm named in this action represented Wells Fargo in the foreclosure proceedings. Several issues asserted in this federal Complaint were actually litigated in state court, including Plaintiffs' claims under the National Housing Act, while some of their claims such as the validity of the notarized signatures on the assignment are asserted for the first time in this Complaint. The doctrine of *res judicata* bars all claims were actually litigated and all claims which could have been raised and litigated. The Cuyahoga County Court of Common Pleas already decided that the mortgage, the mortgage assignment and the foreclosure were proper, and granted judgment in favor of Wells Fargo. This Court must give full faith and credit to that judgment.

Plaintiffs assert *res judicata* does not apply if they allege fraud. They cite no legal authority for this proposition, and the Court is not aware of any such precedent. Fraud may provide a basis for asking the court that issued the judgment, in this case the Cuyahoga County Court of Common Pleas, for relief from judgment under Rule 60(b), but it does not provide a basis to relitigate in federal court a matter already decided in state court. Plaintiffs are barred

from relitigating those matters in this Court.

Finally, even if Plaintiffs were not barred by *res judicata* from bringing this action, it would be dismissed. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiffs must establish that they are citizens of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiffs are citizens of Ohio. A

corporation, like Wells Fargo, is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Wells Fargo was incorporated in the State of Delaware and has its principal place of business in California.[2] The law firm listed as a Defendant appears to be a partnership. Partnerships and limited liability companies "have the citizenship of each partner or member." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). For a partnership, the Court needs to know the citizenship of each partner. *Delay*, 585 F.3d at 1005. The firm is located in Cincinnati, Ohio, strongly suggesting that at least some of the partners may be citizens of Ohio. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. FED.R.CIV.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiffs and the law firm are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiffs allege, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal

---

[2] *See* http://www.wellsfargo.com

question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiffs are proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiffs failed to properly identify a viable or federal question in this case.

Plaintiffs first assert they are raising claims under 42 U.S.C. § 1983. This statute does not apply in the case. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiffs must assert that a person acting under color of state law deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Wells Fargo and the law firm are private parties, not government entities. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises

powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980), and bringing foreclosure actions is not a power traditionally reserved to a state. Plaintiffs cannot maintain a cause of action under 42 U.S.C. § 1983.

The only other federal causes of action mentioned in the Complaint are under the Fair Debt Collection Practices Act ("FDCPA"), and the National Housing Act. They assert the Defendants meet the definition of third party debt collectors. They claim Wells Fargo is a debt collector because they purchased the mortgage and obtained an assignment of the mortgage from the original creditor. They claim the law firm is a debt collector because they filed the foreclosure action on behalf of Wells Fargo. That is the extent of their claim under the FDCPA. Its not clear from the allegations in the Complaint that either of the Defendants could be considered a debt collector under the statute. Moreover, the FDCPA does not prohibit all debt collection practices, but only those specified under the statute. Plaintiffs do not specify in which of the practices prohibited by statute the Defendants engaged. The limited allegations provided in the Complaint are not sufficient to state a claim upon which relief can be granted nor are they adequate to establish a federal question upon which this Court's jurisdiction can be based.

Their claim with respect to the National Housing Act is equally vague. They contend that a foreclosure action cannot be filed until all servicing requirements have been met as described in 24 C.F.R. § 203.606. They contend Wells Fargo, in the foreclosure action, did not produce evidence of compliance with the conditions precedent, and lacked standing to

commence the foreclosure action.

As an initial matter, this question was presented to the state court in the foreclosure action, and was specifically addressed by the court in response to Plaintiffs' Motion for Relief from Judgment under Rule 60(B). Common Pleas Court Judge Brian J. Corrigan addressed this argument stating that the matter had been pending since March 2013, and these arguments could have been asserted in the Answer or in the Amended Answer. He found Soklyna Chhay, Hong Kim Chhay, Borath Hang, and Visith Nhek did not present operative facts to warrant relief. To the extent Plaintiffs seek to try to litigate this claim for a second time, in the hope of obtaining monetary relief, they are barred from doing so by the doctrine of *res judicata*.

To the extent Plaintiffs are attempting to attack the judgment of foreclosure in the hope of obtaining reversal of the judgment, this Court lacks subject matter jurisdiction to consider the claim. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions

-14-

interpreting 28 U.S.C. § 1257(a).³ *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court

---

³ 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker–Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Plaintiffs do not clearly indicate what they are hoping to accomplish by asserting this claim. They contend Wells Fargo lacked standing to prosecute the foreclosure action, which in substance appears to be a veiled attempt to seek appellate review of that judgment. To the extent they are attempting to collaterally attack the judgment of foreclosure, or seek reversal of the judgment, they are barred by the Rooker-Feldman doctrine from proceeding. This Court lacks subject matter jurisdiction to conduct such an inquiry.

The majority of Plaintiffs' Complaint is based on state law. This Court does not have subject matter jurisdiction to entertain state law questions. Therefore, even if this action were not barred by *res judicata*, the Court lack subject matter jurisdiction over this case. In addition, the Court cannot interfere with the ongoing state court proceedings and cannot enjoin the sheriff's sale or the confirmation of sale by the Common Pleas Court. Plaintiffs' Motion for

Temporary Restraining Order and Preliminary Injunction (Doc. #3) is denied.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

>  */s/Dan Aaron Polster 6/29/15*
> **Dan Aaron Polster**
> **United States District Judge**

---

[4]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.